# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ROGER J. McCONKIE, Reciever for MADISON REAL ESTATE GROUP, LLC, OKLAHOMA SUNNYVIEW LP, and OKLAHOMA OVERLAKE LP, <br><br> Plaintiff, <br><br> v. <br><br> LEW S. McGINNIS; MACCO PROPERTIES, INC.; SEP SUNNYVIEW INVESTORS, LLC, an Oklahoma limited partnership; and MIP OVERLAKE APARTMENTS, LLC, an Oklahoma limited partnership; <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:09cv274 <br><br><br><br> District Judge Clark Waddoups <br><br> Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Lew S. McGinnis; Macco Properties, Inc.; SEP Sunnyview Investors; MIP Overlake Apartments's (collectively, "Defendants") "Motion to Transfer Action to the Jury Docket."[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the

---

[1] *See* docket no. 30.

[2] Docket no. 37.

motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

Defendants move the court for a jury trial in this matter under rule 39(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 39(b). Specifically, Defendants assert that they failed to timely request a jury trial because their previous counsel never informed them of their right to a jury trial or discussed with them the consequences of waiving that right. Roger J. McConkie, as receiver for Madison Real Estate Group, LLC; Oklahoma Sunny View LP; and Oklahoma Overlake LP, (collectively, "Plaintiff") opposes the motion on the grounds that mere "inadvertence, neglect, and/or bare oversight of [Defendants'] former counsel"[3] is an insufficient basis to allow Defendants to rescind their waiver of a jury trial. Plaintiff argues that such requests are routinely denied where the negligence of counsel is the primary reason for the untimely jury request.

Rule 39(b) states, in pertinent part, that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, *the court in its discretion* upon motion may order a trial by a jury of any or all issues." Fed. R. Civ. P. 39(b) (emphasis added). In the Tenth Circuit, it is well settled that "absent strong and compelling reasons to the contrary a district court should exercise its discretion under Rule 39(b) and grant a jury trial." *AMF Tuboscope Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir.1965); *see also Green Const. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993) ("We have

---

[3] Docket no. 41 at 2.

previously held that a jury trial should be granted in the absence of strong and compelling reasons to the contrary." (quotations and citations omitted)).

The Tenth Circuit has also held that "it would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party." *Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992). That said, it does not follow that this court *must* deny a rule 39(b) motion based solely on the inadvertence of counsel. *See Megadyne Medical Prods. v. Aaron Medical Industries*, 170 F.R.D. 28, 28 (D. Utah 1996) (granting a rule 39(b) motion even though the "failure to make a [timely] demand for a jury was due to inadvertence").

In the instant case, Defendants' previous counsel failed to inform them of their right to a jury trial, and Defendants were unaware of the need to timely request a jury trial. *See* Fed. R. Civ. P. 38(d). It was only after obtaining new counsel that Defendants became aware that their previous counsel had waived their right to a jury trial. Furthermore, because the trial is not scheduled to begin until September 26, 2011, over ten months from now, it does not appear Plaintiff will suffer any prejudice if this case were scheduled to be heard by a jury.

Based on the foregoing, the court concludes that Plaintiff has failed to demonstrate "strong and compelling" reasons for denying Defendants the relief they seek. *AMF Tuboscope*

*Inc.*, 352 F.2d at 155.  Accordingly, Defendants' motion is **GRANTED**.  The Clerk of Court shall designate on the docket that this case is to be heard by a jury.

**IT IS SO ORDERED.**

DATED this 10th day of November, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge