# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| ROGER J. McCONKIE, Receiver for MADISON REAL ESTATE GROUP, LLC; OKLAHOMA SUNNYVIEW, LP; and OKLAHOMA OVERLAKE LP, <br><br>      Plaintiff, <br><br>v. <br><br>LEW S. McGINNIS; MACCO PROPERTIES; SEP SUNNYVIEW INVESTORS, LLC, an Oklahoma limited partnership; and MIP OVERLAKE APARTMENTS, LLC, an Oklahoma limited partnership, <br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br><br><br>**Case No. 2:09cv274** <br><br><br><br>**District Judge Clark Waddoups** <br><br>**Magistrate Judge Paul M. Warner** |

      This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Laurence L. Pinkerton's, counsel for Lew S. McGinnis; Macco Properties, Inc.; SEP Sunnyview Investors, LLC; and MIP Overlake Apartments, LLC (collectively, "Defendants"), motion to withdraw as attorney of record.[2]

---

[1] *See* docket no. 30.

[2] *See* docket no. 55.

Mr. Pinkerton sets forth the following in support of his motion to withdraw: (1) Macco Properties, Inc. is in bankruptcy and a settlement has been entered and bankruptcy court approval sought; (2) the other defendants have failed to pay their invoices in accordance with their agreement for services; and (3) opposing counsel has been notified. However, these reasons do not satisfy the rule governing withdrawal from representation in the United States District Court for the District of Utah.

Specifically, civil rule 83-1.4 of the United States District Court for the District of Utah Rules of Practice provides:

(1) No attorney will be permitted to withdraw as attorney of record in any pending action, thereby leaving a party without representation, except upon submission of:
(A) A Motion to Withdraw as Counsel in the form prescribed by the court that includes (i) the last known contact information of the moving attorney's client(s), (ii) the reasons for withdrawal, (iii) notice that if the motion is granted and no Notice of Substitution of Counsel has been filed, the client must file a notice of appearance within twenty-one (21) days after entry of the order, unless otherwise ordered by the court, (iv) notice that pursuant to DUCivR 83-1.3, no corporation, association, partnership, limited liability company or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in this court, and (v) certification by the moving attorney that the motion was sent to the moving attorney's client and all parties; and
(B) A proposed Order Granting Motion to Withdraw As Counsel in the form prescribed by the court stating that (i) unless a Notice of Substitution of Counsel has been filed, within twenty-one (21) days after entry of the order, or within the time otherwise required by the court, the unrepresented party shall file a notice of appearance, (ii) that no corporation, association, partnership, limited liability company or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in this court, and (iii) that a party who fails to file such a Notice of Substitution of Counsel or Notice of Appearance may be

2

> subject to sanction pursuant to Federal Rule of Civil Procedure
> 16(f)(1), including but not limited to dismissal or default judgment.

DUCivR 83-1.4(a)(1)(A)-(B).

The rule also states that an attorney will not be permitted with withdraw after an action has been set for trial unless the motion to withdraw includes (1) "a certification signed by a substituting attorney indicating that such attorney has been advised of the trial date and will be prepared to proceed with trial," (2) "a certification signed by the moving attorney's client indicating that the party is prepared for trial as scheduled and is eligible pursuant to DUCivR 83-1.3 to appear pro se at trial," or (3) "good cause for withdrawal is shown, including without limitation, with respect to any scheduling order then in effect." DUCivR 83-1.4(a)(2). This case has been set for a five-day bench trial beginning on September 26, 2011.[3]

Furthermore, Mr. Pinkerton has not indicated whether his withdrawal is with or without his clients' consent. Civil rule 83-1.4(b)(1) provides that if the client has consented, the withdrawing attorney must submit that consent with the motion to withdraw. *See* DUCivR 83-1.4(b)(1). Civil rule 83-1.4(b)(2) provides that when the withdrawing attorney has not obtained the written consent of the client, the motion to withdraw

> must contain (i) certification that the client has been served with a copy of the
> motion to withdraw, (ii) a description of the status of the case including the dates
> and times of any scheduled court proceedings, requirements under any existing
> court orders, and any possibility of sanctions; and, if appropriate, (iii) certification

---

[3] *See* docket no. 45.

by the moving attorney that the client cannot be located or, for any other reason, cannot be notified regarding the motion to withdraw.

DUCivR 83-1.4(b)(2).

Because Mr. Pinkerton has failed to comply with the above-mentioned rules, his motion to withdraw is **DENIED**. Mr. Pinkerton may refile his motion if and when he complies with the applicable local rules.

**IT IS SO ORDERED.**

DATED this 3rd day of February, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge